TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
David J. Steele - SBN 209797
david.steele@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

PIRKEY BARBER PLLC
Stephen P. Meleen (*pro hac vice to be submitted*)
smeleen@pirkeybarber.com
Elizabeth M. Stafki (*pro hac vice to be submitted*)
estafki@pirkeybarber.com
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone:  512. 322.5200
Facsimile:    512.322.5201

Attorneys for Plaintiff
7-ELEVEN, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 7-ELEVEN, INC. <br><br> Plaintiff, <br><br> v. <br><br> ITSS LLC d/b/a 7-24 HOURS C STORE; AMRO MOHAMMED AHMED, and YOULAN HE <br><br> Defendants. | Case No.  8:16-cv-0612 <br><br> **PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL** |

Plaintiff 7-Eleven, Inc. ("7-Eleven" or "Plaintiff") files this Complaint against Defendant ITSS LLC d/b/a 7-24 Hours C Store, Amro Mohammed Ahmed and Youlan He (collectively, "Defendants").

**PARTIES**

1. Plaintiff is a Texas corporation having its principal place of business at 3200 Hackberry Road, Irving, Texas 75063.

2. Defendant ITSS LLC d/b/a 7-24 Hours C Store is a California limited liability company having a business address at 2401 West Lincoln Avenue, Suite D, Anaheim, California 92801.

3. Defendant Amro Mohammed Ahmed is the owner of defendant ITSS LLC d/b/a 7-24 Hours C Store.

4. Defendant Youlan He is the owner of defendant ITSS LLC d/b/a 7-24 Hours C Store.

## NATURE OF ACTION AND JURISDICTION

5. This is an action for trademark infringement, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), and for trademark infringement, dilution, unfair competition, and unjust enrichment under the laws of the State of California.

6. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over 7-Eleven's claims under state law under 28 U.S.C. § 1367(a).

7. On information and belief, Defendants regularly conduct business in California and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

**I. 7-Eleven's Trademarks**

8. Since long before the acts of Defendants complained of herein, 7-Eleven has been engaged in the business of, among other things, offering convenience store services and products, either directly or through its licensees (collectively, "7-Eleven"), to the general public at various locations throughout the United States.

9. Since at least as early as 1946, 7-Eleven has continuously used the name and mark 7-ELEVEN in commerce in connection with a variety of products and services,

including the sale and promotion of convenience store services and various other related products and services.

10. For many years 7-Eleven has frequently and continuously used the 7-ELEVEN name and mark in a stylized, multicolored logo format. A common display of the logo, shown below, features the text "ELEVEN" centered across a large numeral "7" with a curved vertical shank (the "7-ELEVEN Logo"). The 7-ELEVEN Logo is typically displayed in a combination of orange, red, green, and white, as shown below.



11. The 7-ELEVEN Logo is displayed, among other places, on signage for its convenience stores and gas stations.

12. There are currently over 7,500 convenience stores throughout the United States operated by 7-Eleven under 7-Eleven's 7-ELEVEN name and mark, many of which use the 7-ELEVEN Logo (7-Eleven's 7-ELEVEN name and mark and 7-ELEVEN Logo are referred to collectively as "the 7-ELEVEN Marks").

13. 7-Eleven has annually sold billions of dollars of products and services in the U.S. in its 7-ELEVEN stores under its 7-ELEVEN Marks, and has annually spent millions of dollars advertising and promoting those products and services under the 7-ELEVEN Marks. As a result, 7-Eleven has developed goodwill, public recognition, and strong rights in its 7-ELEVEN Marks, which consumers have come to know and trust as symbols of quality and value.

14. The 7-ELEVEN Marks are inherently distinctive, serving to identify and indicate the source of 7-Eleven's products and services to the consuming public, and to distinguish 7-Eleven's products and services from those of others.

15. Additionally and alternatively, as a result of 7-Eleven's frequent and widespread use and promotion of the 7-ELEVEN Marks, the marks have become distinctive to designate 7-Eleven's goods and services, to distinguish 7-Eleven's goods and services from the goods and services of others, and to distinguish the source or origin of 7-Eleven's goods and services.

16. As a result of extensive and widespread use and promotion by 7-Eleven, the 7-ELEVEN Marks have become extremely well known and widely recognized by consumers in the State of California and throughout the United States to indicate the source of 7-Eleven's goods and services.

17. As a result of 7-Eleven's extensive and widespread use and promotion of the 7-ELEVEN Marks, 7-Eleven has developed valuable goodwill in the 7-ELEVEN Marks.

18. The 7-ELEVEN Marks are famous.

19. 7-Eleven owns numerous federal trademark registrations for the 7-ELEVEN Marks, including but not limited to the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN design] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-ELEVEN design] | 920,897 | 09/21/1971 | Retail grocery store services |

4
PLAINTIFF'S COMPLAINT

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 1,035,454 | 03/09/1976 | Sandwiches |
| [7-ELEVEN logo] | 1,288,594 | 08/07/1984 | Gasoline |
| [7-ELEVEN logo] | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| [7-ELEVEN logo] | 2,642,740 | 10/29/2002 | Coffee for consumption on or off the premises; soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| [7-ELEVEN logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services |

PLAINTIFF'S COMPLAINT

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| | 3,644,842 | 06/23/2009 | Retail convenience store services featuring the sale of food and beverage products for consumption on or off the premises |
| | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| | 4,917,149 | 03/15/2016 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

These registrations are valid and subsisting, and, except for Trademark Registration 4,917,149, are incontestable, and therefore are conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks in commerce under 15 U.S.C. § 1115(b).

**II.      Defendants' Unlawful Activities**

20.      On information and belief, Defendants own or operate a convenience store, located at 2401 West Lincoln Avenue, Suite D, Anaheim, California 92801 (the "Infringing Site").

21.      Defendants promote the products and services offered at the Infringing Site under the name and mark "7-24 Hours" (the "7-24 HOURS Mark"). The 7-24 HOURS Mark is presented in a format highly similar to that used by 7-Eleven with its 7-ELEVEN

6
PLAINTIFF'S COMPLAINT

Logo, featuring a large numeral "7" with a curved vertical shank partially bisected by the numeral "24," as shown immediately below (the "7-24 HOURS Design"). Similar to the 7-ELEVEN Logo, the 7-24 HOURS Design is depicted in the colors red, green, and white. The 7-24 HOURS Mark and the 7-24 HOURS Design are collectively referred to as the "7-24 HOURS Marks."





22. The 7-24 HOURS Design is prominently displayed at least on Defendants' signage at the Infringing Site, as shown above in paragraph 21.

23. 7-Eleven has notified Defendants of its trademark rights, and has attempted to resolve this dispute with Defendants prior to filing this lawsuit. Defendants have continued using the 7-24 HOURS Marks.

24. On information and belief, Defendants have set out on a deliberate course of conduct to deceive consumers into believing that the Infringing Site is connected, associated, or affiliated with 7-Eleven in order to trade on 7-Eleven's valuable goodwill. Defendants' efforts to deceive the public into believing that the Infringing Site is affiliated with 7-Eleven include Defendants' intentional use of the 7-24 HOURS Marks in commerce at the Infringing Site, even though Defendants have no permission to do so and is not currently affiliated with 7-Eleven in any way. Such efforts also include duplicating various aspects of 7-Eleven's stores in a way that further increases the likelihood of consumer confusion and exacerbates the infringement.

25. Defendants' use of the 7-24 HOURS Marks is without the permission or authority of 7-Eleven.

26. Defendants' unauthorized use of the 7-24 HOURS Marks began after the 7-ELEVEN Marks became famous.

27. On information and belief, Defendants Amro Mohammed Ahmed and Youlan He are direct participants in and are a moving active conscious force behind the infringements, dilution, and unlawful acts detailed in this Complaint.

**III. Effect of Defendants' Activities on 7-Eleven and the Consuming Public**

28. Defendants' unauthorized use of the 7-24 HOURS Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendants' business with 7-Eleven, or as to the origin, sponsorship, or approval of Defendants' goods and/or services.

29. Defendants' unauthorized use of the 7-24 HOURS Marks falsely indicates to the purchasing public that Defendants, their business, and their goods or services originate with 7-Eleven, or are affiliated, connected, or associated with 7-Eleven, or are sponsored, endorsed, or approved by 7-Eleven, or are in some manner related to 7-Eleven or its goods or services.

30. Defendants' unauthorized use of the 7-24 HOURS Marks falsely designates the origin of Defendants' goods and services, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods and services.

31. Defendants' unauthorized use of the 7-24 HOURS Marks is likely to cause dilution of 7-Eleven's famous 7-ELEVEN Marks.

32. Defendants' unauthorized use of the 7-24 HOURS Marks enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by 7-Eleven, and to gain acceptance for Defendants' goods and services not solely on Defendants' own merits, but on the reputation and goodwill of 7-Eleven and its marks, trade dress, goods, and services.

33. Defendants' unauthorized use of the 7-24 HOURS Marks removes from 7-Eleven the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of 7-Eleven in the hands of Defendants, over whom 7-Eleven has no control.

34. Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, they will continue, and will continue to cause irreparable injury to 7-Eleven and to the public, for which there is no adequate remedy at law.

35. As a result of Defendants' unauthorized use of the 7-24 HOURS Marks, Defendants are being unjustly enriched at the expense of 7-Eleven and the public.

## IV. Willful Nature of Defendants' Wrongful Acts

36. On information and belief, Defendants' acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate,

willful, intentional, and in bad faith, with full knowledge and conscious disregard of 7-Eleven's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## First Cause of Action

(Infringement of Registered Marks)

37. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

38. The acts of Defendants complained of herein constitute infringement of 7-Eleven's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. 7-Eleven has been damaged by Defendants' acts of federal trademark infringement.

40. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## Second Cause of Action

(Violation of Lanham Act Section 43(a))

41. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

42. The acts of Defendants complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. 7-Eleven has been damaged by Defendants' acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

44. Defendants' acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### Third Cause of Action

(Federal Trademark Dilution)

45. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

46. The acts of Defendants complained of herein constitute dilution by blurring of 7-Eleven's famous 7-ELEVEN Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47. Defendants willfully intended to trade on the recognition of the famous 7-ELEVEN Marks, and to harm the reputation of the famous 7-ELEVEN Marks.

48. 7-Eleven has been damaged by Defendants' acts of federal trademark dilution.

49. Defendants' acts of dilution have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### Fourth Cause of Action

(Unfair Competition Under California Law)

50. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

51. The acts of Defendants complained of herein constitute unfair competition in violation of California Business and Professions Code § 17200.

52. 7-Eleven has been damaged by Defendants' acts of unfair competition under California law.

### Fifth Cause of Action

(Trademark Dilution Under California Law)

53. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

54. The acts of Defendants complained of herein constitute trademark dilution in violation of California Business and Professions Code § 14247.

55. 7-Eleven has been damaged by Defendants' acts of trademark dilution under California law.

## Sixth Cause of Action

(Common Law Trademark Infringement)

56. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

57. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of California.

58. 7-Eleven has been damaged by Defendants' acts of common law trademark infringement.

## Seventh Cause of Action

(Unjust Enrichment)

59. 7-Eleven repeats the allegations in paragraphs 1 through 36 as if fully set forth herein.

60. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at 7-Eleven's expense.

61. 7-Eleven has been damaged by Defendants' acts of unjust enrichment.

## REQUEST FOR RELIEF

WHEREFORE, 7-Eleven requests that:

a) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the 7-24 HOURS Marks, any element thereof, and any other name, mark, or trade dress confusingly similar thereto;

b) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and

12
PLAINTIFF'S COMPLAINT

permanently remove the 7-24 HOURS Marks from the Infringing Site and to otherwise eliminate all elements and instances of the 7-24 HOURS Marks from the Infringing Site;

  c) Defendants be ordered to file with this Court and to serve upon 7-Eleven, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  d) 7-Eleven recover all damages it has sustained as a result of Defendants' infringement, dilution, and unfair competition and that such damages be trebled;

  e) An accounting be directed to determine Defendants' profits resulting from Defendants' activities, and that such profits be paid over to 7-Eleven, increased as the Court finds to be just under the circumstances of this case

  f) 7-Eleven recover its reasonable and necessary attorneys' fees;

  g) 7-Eleven recover the costs of this action and prejudgment and post-judgment interest; and

  h) 7-Eleven recover such other relief as the Court may find appropriate.

DATED: April 1, 2016       Tucker Ellis LLP

             By: /s/Howard A. Kroll
               Howard A. Kroll
               Attorneys for Plaintiff
               7-ELEVEN, INC.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff 7-Eleven, Inc. hereby demands a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action

DATED: April 1, 2016                              Tucker Ellis LLP


                                                  By:   /s/Howard A. Kroll
                                                        Howard A. Kroll
                                                        Attorneys for Plaintiff
                                                        7-ELEVEN, INC.